# PETRA CARMONA ET AL.

## *v.*

# FAJARDO DEVELOPMENT COMPANY.

---

San Juan, Law, No. 647.

SUIT FOR PERSONAL INJURIES RESULTING IN DEATH.

1. In an action for negligence causing personal injuries resulting in death, where the evidence shows that the defendant cannot be charged with malice, only compensatory damages can be recovered, and the court should instruct the jury against awarding "smart money" or punitive damages to any extent.

2. In a suit by the wife and children of a deceased for negligence that resulted in the death, and where no malice occurred in or about the negligence, compensation is all that can be recovered; but in estimating the damages, the jury may take into consideration the earning capacity of the deceased, his age and probable duration of life, the ages of the minor children and the time that has to run before they will respectively become self-supporting, and the loss of the society of the deceased to the wife and children; but the latter item cannot be estimated alone, but may be considered when estimating the damages generally.

3. Courts should be careful to instruct juries that plaintiffs should not be permitted to gain pecuniarily from an unfortunate occurrence, and that they should be compensated for their actual and reasonable loss only.

4. Where deceased was loading cane cars with cane for a cane grower, on a spur of track built by the defendant out from its main line for such

V. Porto Rico—14.

Carmona v. Fajardo Development Co.

purpose, the defendant owed a duty to the persons so engaged in loading cane, not to expose them to unusual risks or dangers; and the persons so loading such cars had a right to presume that it would do so; and the railroad company, in such case, if deceased is without negligence on his part, is liable for the acts of its agent in leaving a switch open, whereby a passing train runs in on the spur and collides with the cars, killing deceased.

5. It is fundamental in law that no matter how negligent one person may be, if the probable victim of that negligence has, after seeing the occurrence, the last clear chance to avoid it, and negligently fails to do so, then such person is guilty of contributory negligence, and cannot recover.

6. Where an employee of a defendant railroad left a switch open, and a passing train, though the train men noticed such fact, failed to stop in time to prevent the accident because of the breaking of a coupling pin in the train, the leaving of the switch open is the proximate cause of the injury, and not the breaking of the pin.

Case tried November 11, 1909.

Messrs. *Frank Antonsanti* and *Federico Schroeder*, for plaintiffs.

Messrs. *Martin Travieso, Jr.*, and *Henry F. Hord*, for defendant.

The facts of the case sufficiently appear from the instructions which RODEY, Judge, gave to the jury as follows:

The plaintiff in this case brings the suit for herself and her minor children. She will only get her share of any recovery if you find for the plaintiffs. The children's share will be taken care of through the court in case they recover. The plaintiffs sue for $25,000 for the alleged negligent killing of their hus-

Carmona v. Fajardo Development Co.

band and father by the defendant sugar company, which runs a railroad in connection with its plant. Now, I desire to impress you with the fact that because a person claims a large amount of damages is no reason why the court or jury should give them that amount, or in fact any amount at all, unless the facts and the law show you that they are entitled to it. Fixing the amount in a complaint has no other effect than to fix an amount beyond which you cannot go in your verdict; because that is all plaintiffs ask, and that is about the only purpose that is usually served by the claim made in the complaint, the facts and the law being what really govern as to the recovery.

Another thing I desire to impress upon you is that these accidents that result in death are extremely unfortunate both for the victims of them and those who cause them, because, when courts and juries do their duty, those who wrongfully cause an injury to another always have to pay for it. However, the law, in its wisdom, states that, where an accident occurs and a defendant is negligent without malice, in such case compensatory damages are all the injured person is entitled to. The state itself prosecutes for criminal negligence, and there are those of us who believe that there ought to be a law to punish criminally those who negligently cause the death of innocent people. In this regard, it is pointed out to you that corporations such as this defendant is cannot be held to have had malice in the infliction of a wrong when it is done by one of their agents, through pure carelessness; and while they are responsible for the acts of their agents, under the rule of law which holds that he who does by an agent does by himself, still, in a case like this, malice cannot be imputed to the defendant. However, in computing damages, you may take into consideration the earning capacity of the deceased

and his probable duration of life; but in a case like this, where the deceased is the husband and father of the plaintiffs, you may also take into consideration, when calculating the damages, the loss of society by these children and this wife of their father and husband, and allow on the whole such reasonable compensation, within the amount claimed in the complaint, limited, of course, by the probable duration of life of the deceased and his earning capacity and general condition in life, as indicated, as you may deem proper. This amount should be in such sum as you, as reasonable men, under all these facts and circumstances, believe to be right, proper, and just; but it should have no vindictive damages or "smart money" punishment connected with it.

You are warned in this behalf that no plaintiff should be permitted to actually profit by an unfortunate occurrence like this, or make a commercial speculation out of it; and that while you can, and ought to, take into consideration the loss of the society of the deceased by the plaintiffs, still your damages should be, on the whole, compensatory, counting the loss of the society as a part of those damages.

Now, on this whole case, the court instructs you that this defendant corporation owed a duty to the workmen of others who were loading its cars on the spurs of track that they built out on the land of the planters along their line, and that duty is to not expose such laborers to any unusual risk; and you are therefore instructed that if you believe, from a preponderance of the evidence, that the deceased was so employed loading cars for a cane grower on a spur of track connected with defendant's railroad, the deceased and all other persons so working there had a right to presume that the defendant, by its agents and servants, would

Carmona v. Fajardo Development Co.

not negligently leave switches open, or expose them to unusual risk or danger; and if you believe, from a preponderance of the evidence, that the defendant did so expose the deceased, and that the latter was, at the time, without contributory negligence upon his part, then the defendant is clearly liable to these plaintiffs, and you should assess their damages at such sum, within the amount claimed, as you may believe to be right and proper within the instructions heretofore given you.

Now, it is also fundamental in law that no matter how negligent one person may be, if the probable victim of that negligence has, after seeing the occurrence of the negligence, a last clear chance to avoid it, and negligently fails to do so, then such person, who sees the negligence and fails to avoid it, although he has opportunity to do so, is in law guilty of what is known as contributory negligence; and such contributory negligence is in law held to be the proximate cause of the injury, and such person or his heirs cannot recover from the person first guilty of the negligence.

Therefore, if you believe from a preponderance of the evidence in this cause that the deceased was fully aware, or, by the exercise of ordinary care, ought to have been aware, of the negligence of this man who left the switch open, and, notwithstanding the knowledge of such fact, continued to remain in a position of danger until he was killed, then his heirs are not entitled to recover, and you should find for the defendant.

In this regard, the court desires to call your attention to the fact that you must take into consideration the condition of things in and about the business being conducted, and the sort of people who are to be dealt with in the locality in question. On the one hand, you may consider whether or not peon laborers engaged

Carmona v. Fajardo Development Co.

in filling cane cars have any such knowledge of railroading as to understand the meaning of switch signals or other things that more intelligent people in other localities would know about. And on the other hand, you may take into consideration the class of employees which the defendant had; whether it exercised proper care in their selection and retention in its employment, and whether it conducted its trains properly; that is, whether it was right or proper in any event to push a train of twenty-five cars ahead of an engine under circumstances as disclosed by the evidence in this case, and whether it had proper appliances and emergency brakes connected therewith.

You noticed that the court let in a lot of evidence with reference to the breaking of a coupling pin, the reversal of the engine, and the efforts of the employees on the train to stop it after they saw that the switch was open. You are instructed that the fact of the breaking of this coupling pin is no defense for this defendant in this case, because the negligence of the defendant, if you believe from a preponderance of the evidence that it occurred in leaving the switch open in the first instance, was the proximate cause of the injury in this case, and all this evidence about the approach of the train, the whistling of the train, the breaking of the coupling pin, the efforts to prevent the accident, etc., is only admitted to enable you to judge whether the deceased ought to have seen or heard or known of all of these efforts to prevent the accident, and in spite of that, refused or neglected to save himself; and if he did these things with knowledge of danger to himself, he was guilty of contributory negligence as indicated, and cannot recover.

You are warned that, while you, like all other good citizens, must feel in your hearts a deep sympathy for the poor orphans

Carmona v. Fajardo Development Co.

and widow in this case, still you, no more than the court, have a right to permit that fact to induce you to assess damages against the defendant which the law and the facts may not warrant; but, on the other hand, fear of doing wrong in that regard should not induce you to deny to the plaintiffs one jot of right to which they may be entitled under the facts and the law.

The fact also that the plaintiffs are left without means is no reason why this defendant should be obliged to supply means to them. This defendant is liable to the wife and children only for the damage, if any, it has caused them, as indicated.

I desire to impress on you that this is a civil case, and therefore there is all the more reason why you should agree upon a verdict. In civil cases, juries can find on the whole or any part of a case for one side or the other, on a preponderance of the evidence. They do not have to be convinced beyond a reasonable doubt, as in a criminal case. But a preponderance of the evidence does not mean the side that has the most witnesses or the most documents or exhibits. It means the side that appears to you, as reasonable and honest men, to have the truth with it. You are the sole judges of the weight of the evidence and of the credibility to be given to the testimony of any witness, and if you believe that anybody has wilfully sworn falsely in the case, you may disbelieve the whole or any part of such witness's testimony that you may feel is not the truth, and is not corroborated by other facts or circumstances in the case. You may also consider the manner of the witness on the stand when testifying, and the interest the witness may have in the result of the cause, when you weigh such evidence.

It is not meant by anything here said that any juror should give up his honest conviction to any other juror, if he honestly

Carmona v. Fajardo Development Co.

believes that wrong or injustice will result by so doing, but it is intended to impress upon you that you ought to confer together as reasonable and honest men, and induce each other to modify your views so that an agreement may be honestly arrived at. You must remember that you are the only ones sworn to render a verdict in the cause. The parties and the court must be satisfied with what you do, and you should not take into consideration whether the parties or attorneys or anybody else would be pleased or offended by your verdict. No one has any more right to question your verdict than they have to question the action of the court. If your verdict should be wrong, there is a remedy by a motion for a new trial; but jurors cannot be directly questioned by anyone for their action. Therefore, your acquaintance with either of the parties must not affect your verdict. It is presumed that neither the parties nor their counsel expect anything save what is proper from you, nor does the court expect that you will do aught save what you believe to be right.

When you have arrived at a verdict, you will select one of your number as foreman to sign it, and then all of you will deliver it into court.

Two forms of verdict will be given you, one reading: "We, the jury, find for the plaintiffs, and assess their damages at blank dollars;" and the other reading: "We, the jury, find for the defendant." You, of course, will sign the one that meets with your approval. You will be permitted to take to your room with you the complaint, answer, and any other pleadings, as well as the exhibits that were introduced in evidence. The cause is with you, gentlemen.

The jury returned a verdict for the plaintiffs in the sum of $4,000.